IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEAN "P. DIDDY" COMBS, BAD BOY ) <br> ENTERTAINMENT, and ATLANTIC ) <br> RECORDS, ) <br> ) <br> Defendants. ) | No. 2:24-cv-02158-TLP-atc <br><br> JURY DEMAND |

## ORDER ADOPTING REPORT AND RECOMMENDATION

In March 2024, pro se Plaintiff Ronald Satish Emrit sued Defendants Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records. (ECF No. 1.) That same day, Plaintiff also moved to proceed in forma pauperis. (ECF No. 2.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff for management of all pretrial matters.

Judge Christoff granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 6.) She also screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's claims. (ECF No. 8.) Plaintiff did not object to Judge Christoff's R&R.

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** this case.

## BACKGROUND

In his Complaint, Plaintiff sued Defendants for public nuisance, tortious interference with business relations, and products liability. (ECF No. 1.) He first argues that "P. Diddy's

1

billboards for Ciroc [vodka] . . . are an 'eye sore' and public nuisance given" recent media attention and lawsuits related to him. (ECF No. 1 at PageID 6.) He further contends that "all three defendants have committed the tortious interference with business relations by" allowing Defendant Combs "to conduct business in places of public accommodation such as billboards on highways and streets all throughout the country . . . ." (ECF No. 1 at PageID 6.) Finally, Plaintiff claims that "allowing Sean 'P. Diddy' Combs to represent Ciroc vodka and Sean John at department stores" constitutes a products liability tort and encourages drunk driving. (ECF No. 1 at PageID 7.) He seeks $45,000,000 in damages and an injunction requiring "Bad Boy Entertainment file for involuntary bankruptcy." (ECF No. 1 at PageID 7–8.)

Judge Christoff screened this Complaint under 28 U.S.C. § 1915(e)(2). (*See* ECF No. 8.) She applied Federal Rule of Civil Procedure 12(b)(6) as the United States Supreme Court set forth in *Twombly* and *Iqbal*. (*Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). And she stressed that federal courts hold pro se complaints "to less stringent standards," but those complaints are not "exempt from the requirements of the Federal Rules of Civil Procedure." (*Id.* at PageID 27–28 (citing cases).) Based on her review, Judge Christoff recommends that the Court dismiss Plaintiff's claims for failing to state a claim upon which relief can be granted.

## **LEGAL STANDARD**

When a plaintiff proceeds in forma pauperis, as in this case, federal courts screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The reviewing court then must dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." (*Id.*) And under § 1915(e)(2)(B), courts consider whether a complaint states a claim upon which relief may be

granted using the standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To survive a motion to dismiss, a plaintiff must allege enough facts to "state a plausible claim to relief." *Bryant v. McDonough*, 72 F.4th 149 (6th Cir. 2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Courts must "construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and decide whether there is enough factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mich. First Credit Union v. T-Mobile USA, Inc.*, 108 F.4th 421, 425 (6th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). And as noted above, courts "liberally construe[]" pro se pleadings and hold them "to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted); *see also Orlowski v. Bates*, 146 F. Supp. 3d 908, 921 (W.D. Tenn. 2015) ("Pro se litigants, however, are not exempt from the basic pleading requirements of the Federal Rules of Civil Procedure." (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989))). Pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Moreover, a magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R on August 1, 2024. Plaintiff did not object, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

Having reviewed the record here, the Court finds no clear error. In fact, the Court agrees with Judge Christoff's analysis and her conclusions in the R&R. The Court therefore **ADOPTS** the R&R.

First, Judge Christoff's R&R correctly states that Plaintiff failed to state a claim for public nuisance. (ECF No. 8.) As Judge Christoff points out, a private party "can recover in tort for a public nuisance only if he has suffered harm of a different kind from that suffered by other persons exercising the same public right." Restatement (Second) of Torts ¶ 821C (Am. Law Inst. 1979); *see also Liddle v. Corps of Eng'rs of U.S. Army*, 981 F. Supp. 544, 557–58 (M.D. Tenn. 1997) (explaining that, when "the plaintiffs suffered no unique injury, . . . they lack standing to sue for public nuisance"). Plaintiff here alleges that he suffers harm from having to look at the billboards picturing Defendant Combs, but this injury is identical to that which all other drivers experience. For this reason, he has "suffered no unique injury" and has failed to state a claim for public nuisance.

Second, Judge Christoff correctly explains that Plaintiff has not stated a claim for tortious interference with business relations. To allege this tort, a plaintiff must plead, among other things, "an existing business relationship with specific third parties or a prospective relationship

4

with an identifiable class of third persons." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002). Having reviewed the pleadings, the Court agrees with Judge Christoff that "Emrit has not alleged any facts demonstrating any business relationship he has that Defendants are allegedly interfering with—at best, his allegations appear to relate to others' business relationships that do not involve him." (ECF No. 8 at PageID 30.) And Plaintiff therefore has failed to state a claim.

Third, the R&R correctly states that Plaintiff has failed to state a products liability claim. To survive a motion to dismiss for a products liability tort, a plaintiff must allege that a defective product harmed him. *Merrell v. Summit Treestands, L.L.C.*, 680 F. Supp. 3d 907, 915 (E.D. Tenn. 2023) (citations omitted). On reviewing the Complaint, and as Judge Christoff notes, "Emrit has made no such allegations." (ECF No. 8 at PageID 30.) Plaintiff has therefore failed to state a claim.

## CONCLUSION

Having reviewed Judge Christoff's R&R for clear error and finding none, the Court **ADOPTS** her recommendations and **DISMISSES** this case.

**SO ORDERED**, this 9th day of June, 2025.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE